UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

03 JAN 15 PM 2:16

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ROBIN MURRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALABAMA A & M UNIVERSITY; | ) |
| ALABAMA A & M UNIVERSITY | ) |
| BOARD OF TRUSTEES; HENRY | ) |
| DARLINGTON; and JOHN T. GIBSON, | ) |
| | ) |
| Defendants. | ) |

Civil Action No. CV-02-S-2109-NE

ENTERED

JAN 15 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## MEMORANDUM OPINION

This action is before the court on the motion to dismiss or, in the alternative, for more definite statement filed by defendants Alabama A & M University, the Board of Trustees for Alabama A & M University, and Dr. John T. Gibson. Plaintiff, Robin Murry, who appears *pro se*, claims that, while she was a student at Alabama A & M University, she was sexually assaulted by defendant Henry Darlington during a physical education class. Plaintiff asserts claims based upon Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and 42 U.S.C. § 1983, as well as various state law claims.

### I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain only a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)[1]). Consequently, a complaint should not be dismissed

---

[1] Federal Rule of Civil Procedure 8(a)(2) provides: "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." *See also Brooks v. Blue Cross and Blue Shield of Florida*, 116

for failing to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102.[2]

The pleadings submitted by a *pro se* litigant are to be construed with leniency. The principle underlying this liberal construction is "to give a  pro se plaintiff a break when, although [she] stumbles on a technicality, [her] pleading is otherwise understandable." *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). However, this leniency does not extend so far as to give the court leave to serve as *de facto* counsel for a *pro se* litigant, or to rewrite any deficient pleadings. *See Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991) (holding that *pro se* pleadings are to be liberally construed); *Gibbs v. Republic Tobacco, L.P.*, 119 F. Supp. 2d 1288, 1290 (M.D. Fla. 2001) (holding that the court would not rewrite a *pro se* litigant's pleadings).

This low bar has been raised, however, with respect to claims based upon 42 U.S.C. § 1983.

---

F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto.  ...

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

[2] *See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957)), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S. Ct. 2822, 100 L. Ed .2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

*See, e.g., GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998).

> [W]hile Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing [her] complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out [her] claim. Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right.

*Id.* at 1367 (citations omitted).

## II. DISCUSSION

Plaintiff asserts claims based upon Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, against Alabama A & M University and the Board of Trustees of Alabama A & M University ("Board of Trustees"), claims based upon 42 U.S.C. § 1983 against University President John T. Gibson and Henry Darlington, and various state law claims against Gibson, Darlington, and the University's Board of Trustees.

### A.    Claims Against Henry Darlington

Although plaintiff's claims against Henry Darlington are not the subject of the remaining defendants' motion to dismiss, the court will address them as an initial matter. Review of the court file indicates that the envelope containing a copy of the summons and complaint that was to be served by certified mail upon Darlington was returned by the United States Postal Service to the Clerk of this court with the notation "Not Deliverable as Addressed, Unable to Forward."[3]  On November 7, 2002, this court reminded plaintiff of the time limit for service, as set forth in the Federal Rules of Civil Procedure:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative

---

[3]*See* doc. no. 5.

3

after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[4]

The complaint was filed August 29, 2002, and should have been served on all defendants, along with a summons, no later than December 27, 2002. There is no evidence that Darlington has been served. In accordance with Rule 4(m), plaintiff will be afforded an opportunity to show cause why all claims against Darlington should not be dismissed without prejudice.

**B.      Title IX Claims**

Alabama A & M University asserts that plaintiff's claim against it should be dismissed because it is not a separate legal entity amenable to suit; rather, the Board of Trustees, which also has been named as a defendant, is the proper defendant. Alabama A & M University cites no authority for this proposition. A review of reported cases demonstrates, however, that the university itself both has been sued and has filed suit on its own behalf. *See, e.g., Matthews v. Alabama Agricultural & Mechanical University,* 787 So. 2d 691, 696 (Ala. 2000); *Johnson v. Alabama Agricultural & Mechanical University, ,* 481 So. 2d 336 (Ala. 1985); *Dunn v. Alabama Agricultural & Mechanical University,* 719 So. 2d 224 (Ala. Civ. App. 1998); *see also Alabama State University and Alabama A & M University v. Baker & Taylor, Inc.,* 998 F. Supp. 1313 (M.D. Ala. 1985). Accordingly, this aspect of the motion to dismiss is due to be denied.

Alabama A & M University and the Board of Trustees assert that plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 8(a) with respect to her Title IX claim against the Board of Trustees. That rule requires the following:

---

[4]*See* doc. no. 10.

4

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) *a short and plain statement of the claim showing that the pleader is entitled to relief,* and (3) a demand for judgment for the relief pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (emphasis supplied). Alabama A & M University and the Board of Trustees contend that plaintiff has failed to assert the factual basis upon which her Title IX claim is based and, therefore, that she has not satisfied pleading requirements.

The Supreme Court addressed claims of sexual harassment brought under Title IX against a public educational institution in *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998). The Court held that "a damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [institution's] behalf *has actual knowledge of discrimination . . . and fails adequately to respond.*" *Id.* at 290, 118 S. Ct. at 1999.

"[A]t a minimum, notice pleading requires that a complaint contain inferential allegations from which [the court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.,* 253 F.3d 678, 684 (11th Cir. 2001). Where a complaint contains "no allegations, inferential or otherwise," with respect to a material element of a claim, that claim is subject to dismissal. *Id.* Plaintiff's complaint contains these allegations with respect to her Title IX claim:

> 15.    Upon information and belief, Plaintiff alleges that Defendants Alabama A & M University, the members of the Board of Trustees of Alabama A & M University, [and] its President John T. Gibson had actual notice that Defendant Darlington had previously sexually harassed and/or sexually assaulted a female student.

. . . .

17.     Plaintiff avers that, as a proximate consequence of the illegal conduct of the Defendants Alabama A & M University and the Board of Trustees of Alabama A & M University, Plaintiff suffered intense emotional distress, embarrassment and humiliation, anxiety and concern, so that she is entitled to an award of compensatory damages against Defendants.[5]

The court concludes that plaintiff has sufficiently alleged the first element of a cause of action under Title IX — *i.e.*, that Alabama A & M University, the Board of Trustees, and Gibson had actual notice of a "previous" incident of sexual harassment by Henry Darlington. Even so, plaintiff has failed to allege the second element — *i.e.,* that the University, its Board of Trustees, and President Gibson failed adequately to respond, despite actual notice of another incident. Rather than dismissing the claim, however, the court will allow plaintiff an opportunity to amend her complaint to remedy the defect.

## C.     Section 1983 Claim Against Gibson

Gibson asserts that he is entitled to qualified immunity, and that plaintiff's claim based upon 42 U.S.C. § 1983 is due to be dismissed, because it fails to satisfy the heightened pleading requirements for such claims.

The defense of qualified immunity represents a balance between the need for a damages remedy to protect the rights of citizens and the need for government officials to be able to carry out their discretionary functions without the fear of constant, baseless litigation. The defense embodies an "objective reasonableness" standard, giving a governmental agent the benefit of the doubt unless his actions were so obviously illegal in the light of then-existing law that only an official who was incompetent, or who knowingly was violating the law, would have committed them. Qualified

---

[5]Complaint (doc. no. 1), at 3.

immunity thus represents the rule, rather than the exception. "Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity." *Lassiter v. Alabama A & M University, Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994).

      Under the qualified immunity doctrine, government officials performing discretionary functions are immune not just from liability, but from *suit*, unless the conduct which is the basis for suit violates "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982). For a right to be "clearly established," previous case law must have developed it in a concrete factual context so as to make it obvious to a reasonable government actor that his actions violate federal law. *See Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987).

      At this stage in the proceedings, the qualified immunity standard and the Rule 12(b)(6) standard become intertwined. *See Wooten v. Campbell*, 49 F.3d 696, 699 (11th Cir.), *reh'g denied*, 58 F.3d 642 (11th Cir.), *cert. denied*, 516 U.S. 943, 116 S. Ct. 379, 133 L. Ed. 2d 302 (1995). The Supreme Court has held that a "necessary concomitant" to the question of whether a plaintiff has alleged a violation of a clearly established federal right is "the determination of whether the plaintiff has asserted a violation of a constitutional right *at all*." *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991) (emphasis added). If a plaintiff has not sufficiently alleged a violation of any constitutional right, it is axiomatic that the plaintiff likewise has failed to allege the violation of a "clearly established" right.

  . . .

[W]hile Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claims. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992) (citing *Arnold v. Bd. of Educ.*, 880 F.2d 305, 309 (11th Cir. 1989)). Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right. Accordingly, when reviewing a district court's disposition of a motion to dismiss a § 1983 claim on qualified immunity grounds, we are guided both by the regular 12(b)(6) standard and by the heightened pleading requirement. *Id.*

*GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1366-67 (11th Cir. 1998) (emphasis in original) (footnote omitted).

Moreover, the Eleventh Circuit has held that a supervisory official cannot be held liable under § 1983 on the basis of *respondeat superior*. *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001) (en banc) (citing *Geter v. Wille*, 846 F.2d 1352, 1354 (11th Cir.1988) ("Supervisory officials cannot be held liable for the acts of employees solely on the basis of respondeat superior."); *Polk County v. Dodson*, 454 U.S. 312, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.")).

> It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates "on the basis of respondeat superior or vicarious liability." *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir.1994) (citation and quotation omitted). "Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir.1990) (citations omitted). In addition, the causal connection may be established and supervisory liability imposed where the supervisor's improper "custom or policy . . . result[s] in deliberate indifference to constitutional rights." *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir.1991) (citing *Zatler v. Wainwright*, 802 F.2d 397 (11th Cir.1986)).

*Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).

Accordingly, when a plaintiff does not allege that a supervisory governmental-official defendant personally participated in a contested action — or was aware of the circumstances of the action and ratified or condoned it — it follows that "[t]he [official's] potential liability [for the acts of other persons working under his direction and control], therefore, can only be policymaker

8

liability." *Marsh*, 268 F.3d at 1035.

> In considering the [official's] potential personal liability as a policymaker, we
> have looked at decisions involving the liability of local governments as policymakers.
> The local government precedents are not directly on point. The reason is that the
> standard for imposing policymaker liability on a local government is more favorable
> to plaintiffs than is the standard for imposing policymaker liability on a Sheriff or
> other jail official in his personal capacity in a case like this one. *Farmer*, 114 S. Ct.
> at 1981.    Still, the local government cases can guide us by analogy; if a local
> government would not be liable as a policymaker a fortiori there is no personal
> liability.

*Marsh*, 268 F.3d at 1036 n.17.

The only specific factual allegation that relates to Gibson is the following:

15.    Upon information and belief, Plaintiff alleges that Defendants Alabama A &
M University, the members of the Board of Trustees of Alabama A & M
University, [and] its President John T. Gibson had actual notice that
Defendant Darlington had previously sexually harassed and/or sexually
assaulted a female student.[6]

The remaining allegations relating to the § 1983 claim against Gibson appear under the heading

"Count II — Violation of Fourteenth Amendment and 42 U.S.C. § 1983," and contain, essentially,

legal conclusions without supplying their factual basis.    Therefore, the court agrees with Gibson that

the complaint fails to provide the factual detail necessary to state a claim against him under § 1983.

Plaintiff shall be afforded an opportunity to amend her complaint to allege, with specificity, the facts

which give rise to her claim that Gibson's actions violated a clearly established right.

**D.    State Law Claims Against the Board of Trustees**

The Board of Trustees contends that, as to plaintiff's state law claims of negligent

supervision, negligent retention, and negligent hiring, it is absolutely immune from suit, by virtue

of the doctrine of sovereign immunity, because plaintiff seeks monetary damages. This court agrees.

---

[6]Complaint (doc. no. 1), at 3.

*See Matthews v. Alabama A & M University*, 787 So. 2d 691, 696 (Ala. 2000) ("Alabama A & M University is an instrumentality of the State of Alabama and thus, is absolutely immune from suit under § 14 [of the Constitution of Alabama of 1901]."). Accordingly, those claims are due to be dismissed.

**E.     State Law Claims Against Gibson**

Gibson asserts that he is entitled to discretionary function immunity from plaintiff's state law claims against him for negligent hiring, supervision, and retention of Darlington. Gibson contends that his actions in hiring, supervising, and retaining Darlington constituted discretionary functions.

Under Alabama law, whether a government defendant has engaged in the performance of a discretionary function is determined on a case-by-case basis. *Grant v. Davis*, 537 So. 2d 7, 8 (Ala. 1988). The Alabama Supreme Court has observed that "[t]he distinction between discretionary functions and ministerial ones is often elusive and difficult to make." *Nance v. Matthews*, 622 So. 2d 297, 300 (Ala. 1993). That court has offered the following guiding principles:

> Comment h. to § 895D, *Restatement (Second) of Torts* (1979), describes "ministerial acts" as those involving "[l]ess in the way of personal decision or judgment or [in which] the matter for which judgment is required has little bearing of importance upon the validity of the act," and states that "[m]inisterial acts are those done by officers and employees who are required to carry out the orders of others or to administer the law with little choice as to when, where, how, or under what circumstances their acts are to be done." Conversely, "discretionary acts" are defined as follows by *Black's Law Dictionary* 419 (5th ed. 1979): "Those acts [as to which] there is no hard and fast rule as to course of conduct that one must or must not take and, if there is [a] clearly defined rule, such would eliminate discretion. . . . One which requires exercise in judgment and choice and involves what is just and proper under the circumstances.

*Smith v. Arnold*, 564 So. 2d 873, 876 (Ala. 1990). The Alabama Supreme Court has held that: physicians working at a state mental hospital, where they were required to make difficult treatment

decisions, performed discretionary functions, and were entitled to immunity from a suit based on their decision to release a patient, *Barnes v. Dale*, 530 So. 2d 770, 781 (Ala. 1988); physicians employed by the state performed discretionary functions when diagnosing and treating an involuntarily committed patient, and were immune from liability arising from that diagnosis and treatment, *Smith*, 564 So. 2d at 876; the director of the Family and Children's Services Division of the State Department of Human Resources exercised a discretionary public function in training and supervising a day care employee whose alleged negligence caused a child's injury, *Phillips v. Thomas*, 555 So. 2d 81, 85 (Ala. 1989); and, a school principal, nurse, and a supervisor of special education were engaged in discretionary functions when supervising and deciding to retain an aide, and were entitled to qualified immunity from suit for negligent supervision. *Nance*, 622 So. 2d at 302.

In like manner, plaintiff's claims that Gibson negligently hired, supervised, and retained Darlington unquestionably implicate the exercise of judgment and discretion. The court thus agrees with Gibson that he is entitled to discretionary function immunity from plaintiff's state law claims, and that those claims are due to be dismissed.

## F.    Statute of Limitations

Finally, defendants contend that plaintiff's claims are barred by the statute of limitations. They correctly observe that the appropriate statute of limitations for plaintiff's claims based upon 42 U.S.C. § 1983 and Title IX is the State of Alabama's two-year personal injury statute of limitations. *See, e.g., Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) (holding that Ala. Code § 6-2-39(a)(5) (1975) [now Ala. Code § 6-2-38(l)] (pertaining to "[a]ctions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this

11

section") "is the applicable statute with reference to conspiracy claims in Alabama, and . . . it is correctly applied" to a § 1983 conspiracy claim) (citing *Beard v. Stephens*, 372 F.2d 685, 688 (5th Cir. 1967)).

Plaintiff's complaint was filed on August 29, 2002, and the events of which she complains occurred on April 27, 2000. At that time, however, plaintiff had not yet attained the age of majority. Nineteen years is the age of majority under Alabama law. *See* Ala. Code § 26-1-1(a) (1975) (1992 Replacement Vol.) (providing, in pertinent part, that: "Any person in this state, at the arrival at the age of 19 years, shall be relieved of his disabilities of minority and thereafter shall have the same legal rights and abilities as persons over 21 years of age. . . ."). Moreover, Alabama Code § 6-2-8 provides that if an individual is, at the time the right accrues, below the age of nineteen years, "[she] shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . .." Ala. Code § 6-2-8 (1975) (1993 Replacement Vol.). Because the applicable statute of limitations here was two years, plaintiff was required to commence this action within two years after attaining the age of majority, which her complaint states occurred on August 29, 2000.

Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court." As stated above, plaintiff filed a complaint commencing this action on August 29, 2002. The Board of Trustees and Gibson contend that plaintiff filed her complaint two years *and one day* after she attained the age of majority — *i.e.,* that she should have filed the complaint on or before August *28*, 2002. The court finds this argument to be unpersuasive. *Cf. Latham v. Phillips*, 590 So. 2d 217, 217 (Ala. 1991) (automobile accident occurred on March 5, 1988; plaintiff filed suit on March 2, 1990, and paid filing fee on March 5, 1990, "exactly two years

12

after the automobile accident," and within the statutory period of limitations).  Accordingly, the court concludes that plaintiff's claims are not barred by the statute of limitations, and that aspect of defendants' motion is due to be denied.

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss or, in the alternative, for a more definite statement, filed by Alabama A & M University, the Board of Trustees, and John Gibson is due to be granted in part and denied in part.  A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this ___15th___ day of January, 2003.

_____
United States District Judge

13